# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| BERNICE BARCLAY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3649 |
| | § | |
| STATE FARM LLOYDS, | § | |
| MADELINE NGUYEN, | § | |
| *and* ANGELA WILSON, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff's motion for remand (Dkt. 5) filed by Bernice Barclay ("Barclay") against defendants State Farm Lloyds ("State Farm"), State Farm agent Madeline Nguyen ("Agent Nguyen"), and State Farm adjuster Angela Wilson ("Adjuster Wilson"). After reviewing the motion, the pleading, the responses, and the applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

According to the original petition in this suit that was filed in state court, Barclay owned an insurance policy from State Farm that insured Barclay's property. Dkt. 1-2 at 6. Agent Nguyen sold these policies to Barclay. Adjuster Wilson was allegedly involved in adjusting a claim that Barclay filed. Barclay claims that the defendants did not properly do their jobs; made misrepresentations—often conflicting—about who was covered or what was covered; and did not handle the claims process according to Texas Insurance Code requirements. In Count 1, Barclay makes a claim for vicarious liability under agency and apparent agency theories; in Count 2, she alleges a breach of contract and anticipatory breach of contract against State Farm; in Count 3, she

alleges a breach of the duty of good faith and fair dealing against State Farm; in Count 4, she alleges a claim for deceptive trade practices and unconscionable conduct against all defendants; in Count 5 she alleges violations of the Texas Prompt Payment of Claims Act against State Farm; in Count 6, she alleges Unfair Insurance Practices against State Farm; in Count 7, she alleges negligent misrepresentation against all defendants; in Count 8, she alleges fraud against all defendants; and in Count 9, she alleges an ongoing conspiracy to commit illegal acts against all defendants. Therefore, while all claims involve defendant State Farm, Barclay only alleges the following against the Agent and the Adjuster: deceptive trade practices and unconscionable conduct, negligent misrepresentation, fraud, and an ongoing conspiracy to commit illegal acts.

State Farm removed the case to federal court shortly after it was filed. Dkt. 1. Subsequently, Barclay moved to remand the case to state court arguing that this court lacks diversity jurisdiction over the case. Dkt. 5. State Farm responded that the court does have diversity jurisdiction over the case because the two in-state defendants were improperly joined to defeat jurisdiction. Dkt. 8.

## II. LEGAL STANDARD

A defendant may remove an action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441. To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. A case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, *i.e.*, without a legal basis to do so. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing party, the defendant bears the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

2

A defendant generally establishes improper joinder in one of two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 646–47). Barclay does not assert actual fraud in the pleading of jurisdictional facts in this case. Therefore, to prevent remand, the defendants must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (internal quotation marks and citation omitted). The court need not "determine whether plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005). A mere theoretical possibility of recovery, of course, is insufficient. *Travis*, 326 F.3d at 648. Further, though factual controversies are resolved in favor of the nonmoving party, in the absence of proof, courts do not "assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000).

There are two ways for a court to predict whether a plaintiff might be able to recover against the in-state defendant. First, the court can conduct a Rule 12(b)(6)-type inquiry by reviewing the complaint to determine if it states a claim against the in-state defendant. *Smallwood*, 385 F.3d at 573. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678, 129 S. Ct. 1937 (2009).  Of course, Federal Rule of Civil Procedure Rule 9(b) applies

to fraud-related claims.  *See Landing Council of Co-Owners v. Fed. Ins. Co.*, No. H-12-2760, 2013

WL 530315, at *3–4 (S.D. Tex. Feb. 11 (2013) (Miller, J.).  "In alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

 "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  *Id.*

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the

statements contended to be fraudulent, identify the speaker, state when and where the statements

were made, and explain why the statements were fraudulent."  *Herrmann Holdings Ltd. v. Lucent*

*Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (internal quotations omitted).

Second, a defendant could also demonstrate that the plaintiff has "misstated or omitted

discrete facts that would determine the propriety of joinder."  *Smallwood*, 385 F.3d at 573–74.  Then,

the court can "pierce the pleadings" in a summary inquiry to "identify the presence of discrete and

undisputed facts [in the entire record] that would preclude plaintiff's recovery against the in-state

defendant."  *Id.*  If the court chooses to grant discovery on the issue of improper joinder, it should

be very narrow.  *Id.*  And, "[I]f the plaintiff chose not to adduce any summary judgment evidence

in its motion to remand, then the court may not presume that plaintiff could offer such evidence."

*Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20,

2007) (Miller, J.); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

However, if the court's reasoning for why all claims fail against an allegedly improperly

joined defendant applies equally to all other defendants, a finding of improper joinder is not

appropriate.  *McDonal*, 408 F.3d at 183 (citing *Smallwood*, 385 F.3d at 575).  The justification for

this "Smallwood rule," is that the court should not be allowed to use an improper joinder inquiry to

dismiss all claims in the case, because it would be inappropriately departing "from the threshold inquiry of jurisdiction into a decision on the merits." *Id.*

Applying these rules to analyze the claims in this case, some claims only require a Rule 12(b)(6) analysis, while others to require the piercing of the pleadings to properly consider omitted facts.

### III. LAW & ANALYSIS

Barclay argues that the case should be remanded because Agent Nguyen and Adjustor Wilson undisputedly are Texas residents, and therefore complete diversity does not exist.[1]  Dkt. 5 at 1–2. State Farm responds that these two parties have been improperly joined to the lawsuit solely to defeat jurisdiction.  Dkt. 8 at 3.  State Farm asserts that Barclay's allegations against Agent Nguyen provide no conceivable basis in law or fact upon which plaintiff can state a valid state law cause of action. Dkt. 8 at 5.  State Farm also asserts that Adjuster Wilson was not substantively involved in Barclay's insurance clam and the factual allegations of her involvement are demonstrably false.  Dkt. 8 at 9. The court will consider the four claims against Agent Nguyen and Adjuster Wilson to determine if there is a reasonable basis for this court to predict that Barclay might be able to recover against them. If there is a reasonable basis for a prediction of recovery against either defendant, the case must be remanded.

---

[1] Barclay also asserts that State Farm did not obtain consent of all properly joined and served defendants.  Dkt. 5 at 2. State Farm responds that there is no evidence that Adjuster Wilson had been served with the citation or petition in this case and therefore it believed she was not "properly served."  Dkt. 8 at 10.  However, State Farm contacted Adjuster Wilson before filing its response and she has consented to the removal of this matter.  *Id.*  Should Barclay seek future action from the court on this issue, she can move the court for appropriate relief.

5

###### A.   *Specific Allegations Against Wilson and Nguyen*

The lack of specificity of Barclay's allegations is a main piece of State Farm's argument that there is not a reasonable basis to recover against Agent Nguyen and Adjuster Wilson.[2]   It is problematic that the majority of the complaint is assertions about State Farm or the defendants' actions as a whole, with few allegations about Adjuster Wilson or Agent Nguyen.  *See TAJ Properties, LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (Werlein, J.) ("Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster.").

The only factual allegations Adjuster Wilson specifically include: 1)"Angela Wilson is an adjuster who summarily found and made up excuses to delay and deny paying Plaintiff's valid insurance claim;" 2)"in her course of adjusting the claim, Angela Wilson made false statements pertaining to coverage of insurance;" 3) "Angela Wilson failed to properly adjust the claim and summarily denied the claim with obvious knowledge and evidence of a covered peril;" and 4) claims that she "aided and/or abetted Defendant State Farm" in the various causes of action.  Dkt. 1-2 at 6–7.

The only factual allegations against Agent Nguyen specifically include: 1) "Nguyen constantly assured Plaintiff Barclay that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise;" 2) "Nguyen constantly assured Plaintiff Barclay that Defendant State Farm provided certain coverages to the insured property when apparently

---

[2] The pleadings do not even explain what property is insured, what damage was done to the property, and what allegedly caused the damage.

Defendant State Farm doesn't;" and "Nguyen misrepresented to Plaintiff that the insured person was covered by such peril although Defendant State Farm denied such coverage."

### B.      DTPA Claims against both defendants

Section 17.46 of the Texas Deceptive Trade Practices Act ("DTPA") lists several practices that are forbidden in businesses.  Tex. Bus & Com. Code Ann. § 17.46 (West 2013).  Section 541 of the Texas Insurance Code also outlines several practices that are prohibited in the business of insurance.  Tex. Ins. Code Ann. art. § 541 (West 2013).  Texas courts have recognized that the DTPA's "statutory language is broad enough to permit in the appropriate circumstances a cause of action against an insurance agent [or adjuster] who engages in unfair or deceptive acts or practices." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *Gasch v. Hartford Acc. & Indemn. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

"Texas courts [acknowledge] that a sales agent may be individually liable when the agent misrepresents *specific policy terms* prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages. *Id.* (emphasis added) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998) (agent misrepresented the amount of premium due under the policy) and *State Farm Fire & Cas. Co. v. Gros*, 818 S.W.2d 908 (Tex. App.—Austin 1991, no writ) (agent misrepresented that damage to home from mudslide was covered under homeowner's policy)).  The plaintiff must allege what specific statements were made about specific policy terms to show that recovery against an insurance agent is reasonably predictable.  *Griggs*, 181 F.3d 694 at 701–02 (explaining that pre-purchase statements that State Farm would handle claims professionally did not establish a reasonable basis to predict recovery

against the insurance agent under the DTPA); *Hajdik v. Fortis Ins.*, 2007 U.S. Dist. LEXIS 99270, at *6 (S.D. Tex. Jan. 11, 2007) (Ellison, J.).

Plaintiff brings claims for violation of provisions of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations.  She claims that all defendants violated one or more of the following summarized items: a) Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; b) Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not; c) Advertising goods or services with intent not to sell them as advertised; d) Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions; e) Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; f) Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; g) Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or h) Engaging in an unconscionable course of conduct.  Dkt. 1-2 at 15–16 (referring generally to Tex. Bus & Com. Code Ann. § 17.46 (West 2013)).

The allegation that "Angela Wilson has aided and abetted Defendant State Farm in its violations of Texas Deceptive Trade Practices Act" alleges no facts that establish a reasonable basis for recovery under the DTPA against Adjuster Wilson.  Dkt. 1-2 at 15.  The rest of the few allegations involving Adjuster Wilson still lack specificity as to conduct in this case.  The court need

8

not rule on whether the claims are specific enough, however, because State Farm has also submitted evidence that persuades the court that Barclay does not have a reasonable basis on which to recover against Adjuster Wilson.

A sworn affidavit from Adjuster Wilson, and uncontroverted by Barclay, explains that the extent of the interaction between Barclay and Adjuster Wilson was one brief phone conversation and a follow-up acknowledgment letter explaining that the claim had been received and outlining next steps involved in consideration of the claim. Dkt. 8-1 at 3–4. Adjuster Wilson explains that she did not make "any decisions concerning State Farm's investigation or make any determinations regarding coverage on Ms. Barclay's claim." Dkt. 8-1. After reviewing the affidavit, the acknowledgment letter, and the fact that Adjuster Wilson did not investigate or make coverage determinations in Barclay's case, together with the lack of specificity of the claim, the court finds that Barclay has not demonstrated a reasonable possibility of recovery under the DTPA against Adjuster Wilson. *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (considering whether adjuster was actually assigned to investigate and determine plaintiff's claim in face of allegations against adjuster for improper investigation and denial of claim).

As to Agent Nguyen, the allegations against her involve statements Barclay claims are misrepresentations. Barclay alleges that Agent Nguyen assured her that she was "adequately insured;" that State Farm provided "certain coverages," and that Barclay was "covered by such peril." However, none of these allegations are specific, nor do they point to a specific policy term, as required. *Griggs*, 181 F.3d 694 at 701–02. Barclay's reply argues that Agent Nguyen sold her a policy with low policy limits, which shows that she was not adequately insured. Dkt. 9. Under

the policy Barclay "is only insured for 15 [percent] of the dwelling limits for foundation related damages." *Id.* Because of this provision, Barclay argues, she is only insured for $32,700 for foundation related damages, even though an appraiser found her actual damages to be $64,100.07. *Id.*

The fact that Barclay was not insured for her entire loss in this case does not mean that she was not "adequately insured," nor does it mean that a misrepresentation occurred. "Adequate" is a subjective term.[3] The pleadings do not provide any context to show what Agent Nguyen represented "adequate" insurance to mean, nor that Agent Nguyen represented "adequate" insurance to mean that Barclay was insured for all damages ever to occur. Without more context, the court is not persuaded a misrepresentation has even been pled, much less one involving a specific policy term. *See Hajdik v. Fortis Ins.*, 2007 U.S. Dist. LEXIS 99270, at *6 (S.D. Tex. Jan. 11, 2007) (Ellison, J.) (finding no reasonable basis to predict that plaintiff could recover on DTPA claim when the only statements alleged in the complaint were either not misrepresentations or were not related to a specific term of the policy). Therefore, the court finds that Barclay has not asserted  a reasonable basis on which to recover under the DTPA against Agent Nguyen.

## C.    *Fraud Claims*

The elements of fraud include: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance

---

[3] Merriam-Webster defines the word "adequate" as "sufficient for a specific requirement;" and "*barely sufficient* or satisfactory." Merriam-Webster, http://www.merriam-webster.com/dictionary/adequate **(last visited March 24, 2015) (emphasis added).**

on the representation; and (6) the party thereby suffered injury.  *In re FirstMerit Bank*, N.A., 52 S.W.3d 749, 758 (Tex. 2001).  At the pleadings stage under Rule 9(b), the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.*" Herrmann*, 302 F.3d 552 at 564–65.

Plaintiff's fraud claim is completely lacking in facts specific to this case, and it does not even specify a misstatement.  The complaint merely recites the elements of the claim in an affirmative manner.  Even if the court considers the few facts alleged about Agent Nguyen and Adjuster Wilson, Barclay has not asserted a material misrepresentation, nor do those facts provide sufficient detail to meet the other the elements of fraud at all, and certainly not to the Rule 9(b) particularity requirements.  Accordingly, Barclay has not asserted a reasonable basis on which to recover on a fraud claim against either Agent Nguyen or Adjuster Wilson.

### D.    Negligent Misrepresentation

To prevail on a negligent misrepresentation claim, "a plaintiff must satisfy the following three elements: (1) a legal duty on the part of the defendant to supply correct information; (2) a breach of that duty; and (3) damages to the plaintiff as a result of justifiable reliance on the misrepresentation." *Johnson v. Seacor Marine Corp.*, 404 F.3d 871, 877 (5th Cir. 2005).

Barclay's allegations do not sufficiently describe how either Agent Wilson or Adjuster Nguyen breached a duty to Barclay or how such a breach damaged Barclay.  *See* Section III.B.  Even had Barclay pled a misrepresentation, she also does not plead facts that show how she detrimentally relied upon such misrepresentation.  Barclay has not asserted a reasonable basis on which to recover on a negligent misrepresentation claim against either Agent Nguyen or Adjuster Wilson.

11

### E.    *Conspiracy Claim*

The elements of a civil conspiracy, recognized by the Texas Supreme Court and the Fifth Circuit,are: 1) two or more persons; 2) had an object to be accomplished; 3) that there was a meeting of the minds on the subject or course of action; 4) that there was one or more unlawful acts; and 5) that the Plaintiff was damaged as a proximate result thereof. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1194 (5th Cir. 1995).  "[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).  However, "[b]ecause negligence by definition is not an intentional wrong, one cannot agree or conspire to be negligent." *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996).

Barclay's conspiracy claim is as generalized as the prior claims, in that it merely recites the elements of the claim without providing any facts specific to the case.  Even if the court assumes that Barclay could prove that an unlawful act occurred in one of the several claims, she has not pled facts to show that either Agent Nguyen or Adjuster Wilson entered an agreement or some other meeting of the minds with State Farm or each other with the desire to do the unlawful acts.  Barclay also has not asserted any facts specific to a conspiracy being the proximate cause of her injuries.  Even the few factual statements specifically about Agent Nguyen or Adjuster Wilson do not apply to the missing elements of this claim.  *See Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 794 (2009) (dismissing conspiracy claim under Rule 12(b)(6) because it was devoid of any specific factual allegations supporting any of the elements of conspiracy).  Accordingly, Barclay has not asserted a reasonable basis on which to recover on a conspiracy claim against either Agent Nguyen or Adjuster Wilson.

### III. CONCLUSION

The court finds no reasonable basis to predict that Barclay might be able to recover against Agent Nguyen or Adjuster Wilson.[4]  The court determines that Agent Nguyen and Adjuster Wilson were improperly joined.  There is complete diversity between Barclay and State Farm.  Therefore, the motion to remand (Dkt. 5) is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on March 26, 2015.

Gray H. Miller
United States District Judge

---

[4] The *Smallwood* rule does not require remand in this case because the court's determinations do not equally dispose of all defendants.  Even if the four claims analyzed also disposed of the claim against State Farm, which the court did not decide, several other claims against State Farm would remain.  *Smallwood*,  385 F.3d at 571 (explaining that the rule applies if a court's determination about one in-state defendant would equally dispose of all defendants).